in one year after the issuance of letters testamentary of administration.'' Section 19 provides in effect for extending the time for bringing suit, where the debtor dies within the time limited, to a time after the expiration of the limitation but within one year after the issuing of letters. This has no bearing upon the situation under consideration if, as we hold under the statute, the life of the judgment runs for twenty years after its date.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

---

## Daniel McFadden, Appellee, v. Adams Express Company, Appellant.

### Gen. No. 18,974. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed March 30, 1914.

### Statement of the Case.

Action by Daniel McFadden against Adams Express Company to recover damages for false imprisonment of plaintiff by defendant. Defendant had employed a detective to investigate lost shipments and the detective suspecting that the theft had been committed by the plaintiff, an employe of defendant, had plaintiff arrested. The detective reported the arrest to the general manager of defendant who directed that plaintiff be held until it might be ascertained whether there was any police record against plaintiff, and upon no such record being found the general agent instructed the detective to tell the officer at the police station that the Company did not intend to prosecute plaintiff and plaintiff was set free. Plaintiff recovered a judgment for one thousand five hundred dollars, from which defendant appeals.

CHARLES B. ELDER, for appellant.

WHITE & MABIE, for appellee; LEMUEL M. ACKLEY, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. FALSE IMPRISONMENT, § 27*—*admissibility of evidence.* In an action for false imprisonment on account of arrest of plaintiff, permitting plaintiff to introduce evidence of a visit made by a detective, employed by defendant, and police officers at the home of plaintiff's fiancee, after the arrest, showing that the visit was made late at night, that the bedroom of plaintiff's fiancee was searched and that she was accused of improper conduct; and permitting testimony of the bad conditions of the police station and the food which was given plaintiff, *held* improper and highly prejudicial.

2. TRIAL, § 119*—*when remark of counsel not improper.* In an action for false imprisonment, a remark of defendant's counsel in his closing argument in discussing the amount of possible damages, that the person who was responsible for the arrest of plaintiff was not a party defendant, *held* improperly stricken out in view of the argument of plaintiff's counsel to the effect that it was only from the defendant that plaintiff could get compensation.

3. APPEAL AND ERROR, § 1514*—*when remarks of counsel prejudicial.* In an action for false imprisonment on account of arrest of plaintiff at the instance of a detective employed by defendant, permitting plaintiff's counsel in his open statement to the jury to describe a visit by the detective and police officers at the home of plaintiff's fiancee after the arrest, and also a statement of plaintiff's counsel to the jury that plaintiff had been beaten at the station by a police officer, though objection to the latter remark was sustained, *held* prejudicial error.

4. APPEAL AND ERROR, § 1779*—*when characterization of persons in instruction prejudicial.* Giving of instructions for plaintiff in an action for false imprisonment, referring to the arrest of plaintiff as being made by defendant's "authorized agents," *held* prejudicial error.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.